UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED TRIFFON,<br><br>       Plaintiff,<br><br>   v.<br><br>PLACER LENDER SERVICES, et al.,<br><br>       Defendants. | 1:15-cv-00761-AWI-GSA<br><br><br><br>**(Doc. 1)** |

**INTRODUCTION**

Plaintiff Ted Triffon ("Plaintiff"), appearing *pro se* and proceeding *in forma pauperis*, filed the complaint in this action on May 19, 2015.  Doc. 1.  The Court has screened the complaint for legal sufficiency pursuant to 28 U.S.C. § 1915(e)(2).  For the reasons discussed below, the complaint is dismissed and the case closed for lack of subject matter jurisdiction.

**DISCUSSION**

**A. <u>Screening Standard</u>**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of a complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief."  If the Court determines that the complaint fails to state a claim, it must be dismissed.  *Id.*

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  More specifically, the plaintiff must present sufficient factual allegations as to each claim against each defendant.  *Iqbal*, 129 S.Ct. at 1949-50; *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting *Iqbal's* plausibility standard.  *Iqbal*, 129 S.Ct. at 1949-50; *Moss*, 572 F.3d at 969.  While well-pleaded factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 129 S.Ct. at 1949.

Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).  Accordingly, pro se plaintiffs are afforded the benefit of any doubt.  *Id*.

**B.  <u>Analysis and Order</u>**

The instant complaint alleges that this action is brought in this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Doc. 1 at 2.  However, the facts alleged in the complaint indicate that diversity jurisdiction does not exist.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id*. (internal citations omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the

contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir. 2006). "Subject matter jurisdiction based upon diversity of citizenship requires that *no* defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010); *also see* 28 U.S.C. § 1332(a). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court ... on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Id*. (quoting *Smith v. McCullough*, 270 U.S. 456, 459, 46 S.Ct. 338, 70 L.Ed. 682 (1926)).

Here, Plaintiff resides in California and he is citizen of California. Two of the defendants are corporations incorporated in California while the other defendants also appear to be citizens of California.[1] Therefore, complete diversity between the parties does not exist and federal subject matter jurisdiction cannot be established. Furthermore, the complaint does not allege any federal claim. Accordingly, the complaint is dismissed in its entirety and the case closed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:  May 21, 2015

SENIOR DISTRICT JUDGE

---

[1] The defendants include Capital Finance Corporation, which is listed as an active California incorporated entity on the California Secretary of State's website with the entity number C1958428 (*see* http://kepler.sos.ca.gov, last viewed on May 21, 2015); Placer Foreclosure, Inc., which is also listed as an active California incorporated entity on the California Secretary of State's website with the entity number C1670115 (*see* http://kepler.sos.ca.gov, last viewed on May 21, 2015); Placer Lender Services, an entity based in Auburn, California (Placer County); Placer Trustee Services, an entity based in Auburn, California (Placer County); and two individuals, Robert J. and Wynne M. Boynton, based in South Lake Tahoe, California. *See* Docs. 1 at 1, 1-1 at 2.